## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2018, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Craig A. Dechert
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Mark A. Dabrowski
Dabrowski Law Office
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas Rees,

*Appellant-Respondent,*

v.

Judith Rees,

*Appellee-Petitioner*

August 9, 2018

Court of Appeals Case No.
18A-DR-447

Appeal from the Howard Superior Court

The Honorable Brant J. Parry, Judge

Trial Court Cause No.
34D02-1604-DR-300

**Baker, Judge.**

[1] Thomas Rees appeals the trial court's order dissolving the marriage between Thomas and Judith Rees. Thomas contends that the trial court erroneously valued an asset and erred in dividing the marital assets equally between the two parties. Finding no error, we affirm. We also find that Judith is entitled to at least a portion of her appellate attorney fees. Therefore, we remand for calculation of her fees and a determination of what portion Thomas owes.

## Facts

[2] Thomas and Judith were married in February 2009; each party brought a Kokomo residence into the marriage. On April 26, 2016, Judith filed a petition to dissolve the marriage. At the time the petition was filed, the couple owned several motor vehicles, including a 2007 Chateau motor home.

[3] During the marriage, Judith was "separated from" the couple's financial dealings. Tr. Vol. II p. 36. She had no access to any information about Thomas's retirement account and had no information about anything related to a lien on the motor home.

[4] On May 20, 2016, Judith's counsel served discovery on Thomas, including interrogatories and a request for production. Thomas did not respond; therefore, on August 26, 2016, Judith's counsel filed a motion to compel, which the trial court granted. Thomas never provided any documents in response to the request for production. He provided interrogatory responses on September 8, 2016. In response to a series of detailed questions regarding real property, vehicles, lienholders of vehicles, and debt, he repeatedly responded "N/A[.]"

Tr. Ex. p. 48. At the hearing on the dissolution petition, the following discussion occurred between Thomas and Judith's attorney regarding Thomas's discovery responses:

Q:    Can you tell me please since I've been waiting to get here for a number of months in to court, why you didn't disclose the existence of your real property, your motor vehicles, the amounts that you now claim are owed or otherwise?

A:    You want to know the reason why?

Q:    Yes can you tell us why you didn't?

A:    Because I was just plain ass pissed off. Matter of fact when, if my lawyer would confirm, when I came in and they handed this to me I threw it back to them and then most recently I didn't fill it out at all.

Q:    How about interrogatory number 30 did we ask you about what you owed?

A:    I suppose you did.

Q:    Did you answer it?

A:    Probably not.

***

Q: Did you bring anything with you here today sir that establishes the lien you allege is on the RV? The payment that you make?

A: No.

Q: Nothing?

A: No.

Tr. Vol. II p. 17-18. It was eventually established that Thomas had even stonewalled his own attorney. Judith's attorney later asked Thomas, "were you so pissed off that you didn't even tell your lawyer about the liabilities that you owe?" Thomas responded, "No, I did not." *Id.* at 29.

[5] The final hearing on the petition to dissolve took place on December 4, 2017. At the hearing, Thomas claimed, in relevant part, that the couple had a lien on the motor home, which had an original purchase price of $130,000, totaling approximately $100,000. He offered no documentary evidence, either before the hearing in response to discovery requests, or at the hearing itself, to support this claim (or any of his other claims).

[6] Thomas has a retirement account worth approximately $296,000; Judith has a retirement account valued at approximately $38,500. Thomas receives approximately $250 per month from Social Security and approximately $3,600 per month from other sources; Judith receives approximately $1,150 from

Social Security per month and approximately $105 per month from other sources.

[7] On December 6, 2017, the trial court entered a decree of dissolution. In relevant part, the trial court found that the value of the motor home was $130,000, noting as follows:

> [Thomas] testified that there is a debt on the vehicle. However, [Thomas] could not provide an exact amount. Further, as [Thomas] did not provide discovery to [Judith], [Judith] was unable to obtain evidence of the same. [Thomas's investment] account decreased several hundred thousand dollars during the course of the marriage. It is not clear whether this vehicle was purchased with a portion of that money. Therefore, the Court will not include a debt for the vehicle.

Appealed Order p. 2. The trial court awarded each party the residences they respectively owned prior to the marriage. Ultimately, having considered the required statutory factors, the trial court ordered that the marital estate be divided equally. It also ordered Thomas to pay a portion of Judith's attorney fees in the amount of $3,500. Thomas now appeals.

# Discussion and Decision

## I. Valuation of Motor Home

[8] Thomas first argues that the trial court erred by valuing the motor home at $130,000. He contends that the amount of the alleged lien on the motor home should have been subtracted from the overall amount. Trial courts have broad discretion in ascertaining the value of property in a dissolution action. *E.g.*,

*Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). We will not reverse unless the valuation is clearly against the logic and effect of the facts and circumstances before the trial court, and in conducting our review, we will not reweigh the evidence. *Id.*

[9] In this case, there is no evidence supporting Thomas's assertion that there is a lien on the motor vehicle other than the bald declarations he made during his testimony. The reason that there is no such evidence is his dogged refusal to respond to Judith's interrogatories in an honest and forthright manner and his outright refusal to produce any documents at all. It is readily apparent that the trial court questioned his credibility—which is certainly a fair assessment, given Thomas's testimony reproduced above—and declined to credit his statements absent documentary evidence to back them up.

[10] Thomas notes that after the decree of dissolution was entered, he filed a motion to correct error, seeking to introduce evidence of the vehicle lien for the first time. But this is evidence that he has had in his possession from the start. By his own admission at the final hearing, he simply and intentionally refused to produce it or to answer Judith's questions about it honestly. Under these circumstances, the trial court was perfectly correct to deny the motion to correct error.

[11] As it stands, the only evidence in the record that the trial court found to be credible establishes the value of the motor home to be $130,000. Therefore, its decision to value the vehicle in that amount was not erroneous.

# II. Division of the Marital Estate

[12] Thomas also argues that the trial court erred by dividing the marital estate equally. According to Thomas, he brought the majority of the couple's assets into the marriage by way of his retirement account. He also admits that Judith is economically disadvantaged at the time of dissolution but argues that he left her "in a better position" than she was in when they got married. Appellant's Br. p. 13.

[13] When dividing a marital estate, the presumption is that the estate should be divided equally. The presumption may be rebutted by evidence that an equal division would not be just and reasonable. Ind. Code § 31-15-7-5. Among other things, the following factors may be considered:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> > (A) before the marriage; or
> >
> > (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4)     The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5)     The earnings or earning ability of the parties as related to:

(A)     a final division of property; and

(B)     a final determination of the property rights of the parties.

*Id.* The party challenging the trial court's property division must overcome a strong presumption that the court complied with the statute and considered the evidence on each of the statutory factors. *E.g.*, *Harrison v. Harrison*, 88 N.E.3d 232, 234 (Ind. Ct. App. 2017), *trans. denied*.

[14]     In this case, the only evidence presented by Thomas was his own testimony and one document, which established the value of a retirement account in 2014—two years before the petition to dissolve was filed—and which was included in the exhibits introduced by Judith. As noted above, the trial court evidently found Thomas to be lacking in credibility, which is a sound conclusion given his admitted dishonesty throughout the proceedings. As a result, there is no evidence supporting Thomas's argument or assertions. In other words, he fails to overcome the strong presumption that the trial court complied with the statute.

[15]     The trial court awarded Judith a portion of her attorney fees in the decree of dissolution. Given that Thomas's arguments on appeal all stem from his own obstinacy and obstreperousness during discovery and at the final hearing, we

believe it warranted to remand to the trial court to calculate Judith's appellate attorney fees and decide what portion[1] of those fees Thomas should bear.

[16] The judgment of the trial court is affirmed and remanded for calculation of appellate attorney fees.

May, J., and Robb, J., concur.

---

[1] The trial court is free to find that Thomas should bear all, or only a part, of Judith's appellate attorney fees.